UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARCUS D.,

                   Plaintiff,

         -v-

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

1:19-CV-1181-MJP

**ORDER**

Plaintiff filed an action seeking judicial review of the decision of the Commissioner

of Social Security, which denied his claim for Supplemental Security Income, pursuant to 42

U.S.C. § 405(g), made applicable to SSI by 42 U.S.C. § 1383(c)(3).  Both parties filed

Motions for Judgment on the Pleadings, and oral argument was held on February 25, 2021.

This Court has reviewed the parties' competing motions together with their

respective memoranda of law, and the arguments of Anthony John Rooney, Esq. of

The Law Offices of Kenneth Hiller, PPLC, attorney of record for Plaintiff, and Sixtina

Fernandez,  Esq., Special Assistant United States Attorney for the Western District of

New York, attorney of record for Defendant.  Now, upon all pleadings, the

administrative record, the parties' memoranda of law, and the arguments of the parties,

It is ORDERED and ADJUDGED, for the reasons stated in open Court at the

oral argument of this matter on February 25, 2021 pursuant to 28  U.S.C. § 636(c), the

transcript of which is incorporated herein, and the  parties' consent, and consistent with

this Court's ruling from the bench following oral argument, the decision of Defendant

Commissioner is affirmed; and it is further

ORDERED and ADJUDGED, that Plaintiff's motion for judgment on the

pleadings (ECF No. 8) is denied; and it is further

ORDERED and ADJUDGED that the transcript of the Court's Decision shall be

filed, and the Court Clerk shall issue Judgment in favor of the Commissioner and close

this case.

**SO ORDERED.**

MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

DATED: March  15, 2021
        Rochester, New York

```
 1                  UNITED STATES DISTRICT COURT

 2                 WESTERN DISTRICT OF NEW YORK

 3

 4

     CORRECTED TRANSCRIPT (Presiding Judge's name)
 5   - - - - - - - - - - - - - - - X
     MARCUS D.                     )     19CV1181
 6                  Claimant      )
     vs.
 7                                      Rochester, New York
     COMMISSIONER OF SOCIAL SECURITY,February 25, 2021
 8                  Respondent.        3:15 p.m.
     - - - - - - - - - - - - - - - X
 9   DECISION
     Transcribed from an audio recording
10

11                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MARK W. PEDERSEN
12              UNITED STATES MAGISTRATE JUDGE

13

14                  ANTHONY JOHN ROONEY, ESQ.
                    Law Offices of Kenneth Hiller, PPLC
15                  6000 North Bailey Avenue, Suite 1A
                    Amherst, New York 14226
16

17                  SIXTINA FERNANDEZ, ESQ.
                    Social Security Administration
18                  Office of General Counsel
                    26 Federal Plaza, Room 3904
19                  New York, New York 10278

20

21

22

23

24   COURT REPORTER: Karen J. Clark, Official Court Reporter
                    Karenclark1013@AOL.com
25                  100 State Street
                    Rochester, New York 14614
```

```
 1              M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY

 2

 3                          P R O C E E D I N G
                          *         *         *

 4                    (Whereupon, the proceeding began at 3:15
           p.m. and arguments were made by counsel on the record.)
 5
                          (TIME 3:37 P.M)
14:13:03  6              THE CLERK:  We are back on the record, your

14:13:05  7   Honor.

14:13:05  8              THE COURT:  Thank you very much, counsel.

14:13:07  9   Thank you very much for a thorough argument.  I am

14:13:09 10   prepared to issue my decision.  Title 42 of U.S. Code

14:13:17 11   Section 405(g) grants jurisdiction to district courts to

14:13:22 12   hear claims based on the denial of social security

14:13:26 13   benefits.  Section 405(g) provides that the district

14:13:40 14   court shall have the power to enter, upon the pleadings

14:13:43 15   and transcript of the record, a judgment affirming,

14:13:46 16   modifying or reversing a decision of the Commissioner of

14:13:49 17   Social Security with or without remanding the cause for

14:13:53 18   a rehearing.  It directs when considering claims, a

14:13:56 19   court must consider the findings of fact made by the

14:14:01 20   Commissioner provided that such findings are supported

14:14:26 21   by substantial evidence in the record.  Substantial

14:14:29 22   evidence is defined as more than a mere scintilla.  It

14:14:41 23   means such relevant evidence as a reasonable mind might

14:14:44 24   accept as adequate to support a conclusion.  To

14:14:48 25   determine whether substantial evidence supports the
```

```
        1          M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY
14:15:01  2    Commissioner's finding, the Court must examine the
14:15:03  3    entire record, including contradictory evidence and
14:15:07  4    evidence from which conflicting inferences can be drawn.
14:15:10  5    Section 405(g) limits the Court's review to two
14:15:23  6    inquires:  Whether the Commissioner's findings were
14:15:26  7    supported by substantial evidence in the record; and
14:15:29  8    whether the Commissioner's conclusions are based upon an
14:15:32  9    erroneous legal standard.
14:15:34  10              A person is disabled for the purposes of SSI
14:15:37  11   and Disability benefits if he or she is unable to engage
14:15:41  12   in any substantial gainful activity by reason of any
14:15:55  13   medically determinable physical or mental impairment
14:15:59  14   which can be expected to result in death or which has
14:16:02  15   lasted or can be expected to last for a continuous
14:16:05  16   period of not less than 12 months.
14:16:07  17              In assessing whether a claimant is disabled,
14:16:10  18   the ALJ must employ a five-step sequential analysis set
14:18:44  19   out in *Berry v. Schweiker*, 675 F. 2d 464, 477, Second
14:18:51  20   Circuit 1982.
14:18:52  21              The claimant bears the burden of proving his
14:18:57  22   or her case at steps one through four; and at step five,
14:19:10  23   the burden shifts to the Commissioner to show there is
14:19:13  24   other gainful work in the national economy which the
14:19:16  25   claimant could perform.
```

```
        1        M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY
14:19:19  2              In this case, the first point that the
14:19:22  3   claimant raises in his brief is that the ALJ erred in
14:19:26  4   coming to a highly specific ALC based on the vague
14:19:31  5   opinion of Dr. Miller.  One of the issues he brings up
14:19:45  6   is that Dr. Miller, in her review, did not take a look
14:19:48  7   at the MRI results that were produced in October of 2015
14:19:53  8   and she made her examination in 2016.  I note that there
14:20:06  9   is a case from the Second Circuit, it's an unpublished
14:20:10 10   decision called *Wright*, W-r-i-g-h-t, *v. Berryhill*, 2017
14:20:25 11   Westlaw 1379389 at page 1, Second Circuit, April 14,
14:20:35 12   2017.  And the Court wrote, "Similarly, it was not
14:20:37 13   reversible error for the ALJ also to give great weight
14:20:42 14   to Dr. Wassef's opinion.  Dr. Wassef personally examined
14:21:00 15   the Plaintiff and reached conclusions consistent with
14:21:03 16   the objective medical evidence.  Given these
14:21:05 17   circumstances, the facts that Dr. Wassef's specialty is
14:21:10 18   pediatrics, and his review did not include the
14:21:13 19   Plaintiff's MRI's results do not preclude the ALJ from
14:21:27 20   assigning Dr. Wassef's opinion significant weight,
14:21:29 21   especially in light of the other evidence in the
14:21:32 22   record."  In this case here, the MRI results are not
14:21:39 23   astounding.  As I mentioned earlier, at page 276 in the
14:21:43 24   record, the impression portion states (1) unremarkable
14:21:47 25   MRI of the cervical spine; (2) mild to moderate
```

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|          | 1  | M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY |
| 14:21:52 | 2  | degenerative changes at the L3-L4, L4-L5 and L5-S1 |
| 14:22:00 | 3  | levels. |
| 14:22:01 | 4  | So, based on the authority in *Wright*, I |
| 14:22:06 | 5  | don't think it was error for the ALJ to credit Dr. |
| 14:22:12 | 6  | Miller's opinion and give it great weight.  Further, the |
| 14:22:17 | 7  | other highly specified portions seem to rely in part on |
| 14:22:21 | 8  | Dr. Ruiz's medical source statement at pages 603 through |
| 14:22:30 | 9  | 611 of the record in which he commented on the |
| 14:22:35 | 10 | Plaintiff's ability to climb ramps and stairs, |
| 14:22:38 | 11 | balancing, stooping, kneeling, crouching, crawling.  He |
| 14:22:43 | 12 | opined concerning environmental limitations.  And in the |
| 14:22:47 | 13 | case of the ALJ's residual functioning capacity, the ALJ |
| 14:22:53 | 14 | went a little further than Dr. Ruiz did, and that is |
| 14:22:56 | 15 | probably why the ALJ did not give full weight to Dr. |
| 14:23:02 | 16 | Ruiz's statement.  So based on those things, I think |
| 14:23:05 | 17 | that the ALJ's determination of Dr. Miller's opinion and |
| 14:23:09 | 18 | his RFC do have substantial support in the record. |
| 14:23:13 | 19 | With regard to the stress issue, Plaintiff |
| 14:23:16 | 20 | states that the ALJ erred in improperly accounting for |
| 14:23:21 | 21 | stress.  And as I noted earlier in Judge Wolford's case, |
| 14:23:24 | 22 | *Herb v. The Commissioner of Social Security*, 366 F. Sup |
| 14:23:30 | 23 | 3d 441, Western District of New York 2019, she wrote, |
| 14:23:35 | 24 | "The Court is cognizant that even without explicitly |
| 14:23:53 | 25 | referencing a stress limitation, an RFC determination |

|       |    |                                                            |
|-------|----|------------------------------------------------------------|
|       | 1  | M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY              |
| 14:24:04 | 2  | may adequately account for a claimant's stress related  |
| 14:24:08 | 3  | limitations.  For example, an RFC limiting a Plaintiff   |
| 14:24:12 | 4  | to occasional interaction with coworkers in the public   |
| 14:24:15 | 5  | and to the performance of simple routine tasks may       |
| 14:24:19 | 6  | account for the Plaintiff's stress-related limitations." |
| 14:24:22 | 7  | And then she goes on to cite other cases *Ridosh v.*     |
| 14:24:28 | 8  | *Berryhill*, 2018 Westlaw 617, 1713, a 2018 Western      |
| 14:24:36 | 9  | District of New York case on November 26.  See also      |
| 14:24:44 | 10 | *Moxham v. The Commissioner*, 2018 Westlaw 1175210, at   |
| 14:24:49 | 11 | page 10, a Northern District of New York, March 5, 2018  |
| 14:24:53 | 12 | case, in which that court found limitation to simple     |
| 14:24:57 | 13 | tasks and instructions, decisions on simple work-related |
| 14:25:00 | 14 | matters, and frequent interaction with others adequately |
| 14:25:04 | 15 | accounted for the Plaintiff's stress-related             |
| 14:25:07 | 16 | limitations.  And further cited *Cosme*, C-o-s-m-e, *v.* |
| 14:25:13 | 17 | *Colvin*, 2016 Westlaw 4154280 at page 13, Western       |
| 14:25:32 | 18 | District of New York, August 5, 2016, in which that      |
| 14:25:36 | 19 | court wrote, "The RFC, which explicitly required         |
| 14:25:40 | 20 | positions in unskilled work which did not require any    |
| 14:25:56 | 21 | contact with coworkers or the public and only limited    |
| 14:26:20 | 22 | contact with supervisors adequately accounted for any    |
| 14:26:25 | 23 | limitations dealing with stress."  In this case here,    |
| 14:26:30 | 24 | with regard to stress, the ALJ limited the claimant to   |
| 14:26:34 | 25 | simple routine tasks with no more than occasional        |

|            |    |                                                                  |
|------------|----|------------------------------------------------------------------|
|            | 1  | M. DENNIS VS. COMMISSIONER OF SOCIAL SECURITY                    |
| 14:26:39   | 2  | workplace changes.  He should have no more than                  |
| 14:26:42   | 3  | occasional interaction with coworkers, supervisors and           |
| 14:26:55   | 4  | the public."  And counsel mentioned that the Plaintiff           |
| 14:26:59   | 5  | testified concerning panic attacks, but as the                   |
| 14:27:02   | 6  | Commissioner's attorney pointed out, those are not               |
| 14:27:05   | 7  | substantiated in the record, so we know that the ALJ did         |
| 14:27:09   | 8  | listen to the testimony of the Complainant and where it          |
| 14:27:12   | 9  | was verified, gave the Complainant additional                    |
| 14:27:16   | 10 | restrictions.  And where he found that it was not                |
| 14:27:19   | 11 | verified, did not.                                               |
| 14:27:20   | 12 | Overall then, I think that the                                   |
| 14:27:22   | 13 | Commissioner's residual functional capacity decision is         |
| 14:27:26   | 14 | supported by substantial evidence in the record.  And,          |
| 14:27:29   | 15 | therefore, I grant the Commissioner's motion for                 |
| 14:27:31   | 16 | judgment on the pleadings and deny the Plaintiff's               |
| 14:27:34   | 17 | motion on judgment on the pleadings.  I direct the               |
| 14:27:36   | 18 | Commissioner to draft an settle and order with                   |
| 14:27:42   | 19 | Plaintiff's counsel.  And attach and reference a copy of         |
| 14:27:44   | 20 | the transcript just of this portion of the decision.            |
| 14:27:47   | 21 | Thank you very much, counsel.  I also direct                     |
| 14:27:50   | 22 | the clerk to enter judgment for the Commissioner and            |
| 14:27:52   | 23 | close the case.                                                  |
| 14:27:57   | 24 | MR. ROONEY:  Thank you.                                          |
| 14:27:58   | 25 | MS. FERNANDEZ:  Thank you.                                       |

8

```
 1
 2                          *     *     *
 3                   CERTIFICATE OF REPORTER
 4
 5      I certify that the foregoing is a correct transcript
 6  of the record of proceedings in the above-entitled
 7  matter.
 8  S/ Karen J. Clark,  RPR
 9  Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```